**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FREDI GONZALEZ MELENDEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, PIKE COUNTY CORRECTIONAL FACILITY,<br><br>Respondent. | CIVIL ACTION NO. 3:26-CV-02304<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

*Pro se* Petitioner Fredi Gonzalez Melendez ("Gonzalez Melendez"), a citizen of Mexico, brings this petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). On August 11, 2026, Gonzalez Melendez filed the instant petition requesting the Court order Respondent Warden of the Pike County Correctional Facility[1] release him from custody at the Pike County Correctional Facility because the government has detained him for over five months with no credible plan for removal. (Doc. 1, at 7). For the following reasons, Gonzalez Melendez's petition (Doc. 1) will be **DENIED**.[2]

---

[1] Craig Lowe ("Lowe") is the Warden of the Pike County Correctional Facility. *See Quintana-Islasv v. Lowe*, No. 3:26-CV-01283, 2026 WL 1507817, at *1 n.1 (M.D. Pa. May 29, 2026) (recognizing that Lowe is the Warden of the Pike County Correctional Facility and the proper respondent for habeas petitions filed by the facility's inmates).

[2] On August 24, 2026, Gonzalez Melendez filed a motion to proceed *in forma pauperis*. (Doc. 9). Gonzalez Melendez's motion to proceed *in forma pauperis* is **GRANTED** and the petition is deemed filed. The Court also notes that Gonzalez Melendez filed a motion to

*(footnote continued on next page)*

## I. FACTUAL AND PROCEDURAL BACKGROUND

The following background is derived from Gonzalez Melendez's petition and the government's response. (Doc. 1; Doc. 9). Melendez Gonzalez is a citizen of Mexico who entered the United States at an unknown place on an unknown date. (Doc. 9, at 4). Immigration and Customs Enforcement ("ICE") detained Gonzalez Melendez on March 3, 2026. (Doc. 9, at 4). Gonzalez Melendez is not subject to a final order of removal. (Doc. 9, at 6).

Before filing the instant petition, Melendez Gonzalez filed two previous petitions in the Middle District which Judge Julia K. Munley denied. *See Gonzalez Melendez v. Mullin*, No. 3:26CV1490, 2026 WL 1990444, at *1 (M.D. Pa. July 9, 2026); *see also Gonzalez Melendez v. Warden, Pike Cnty. Corr. Facility*, No. 3:26CV2127, 2026 WL 2199339, at *1 (M.D. Pa. July 30, 2026). Gonzalez Melendez's first petition alleged that the government improperly detained him pursuant to 8 U.S.C. § 1225(b)(2)(A) without a bond hearing, however, Judge Munley found that this petition lacked merit because the government did afford Gonzalez Melendez a bond hearing before an immigration judge. *See Gonzalez Melendez*, 2026 WL 1990444, at *1. While evaluating his second petition, Judge Munley found that Gonzalez Melendez's second attempt at relief was unclear regarding whether he was repeating his § 1225(b)(2)(A) arguments or arguing that his detention was unreasonably prolonged. *See*

---

appoint counsel. (Doc. 3). Because the Court resolves this matter, the Court **DENIES** Boquin's motion to appoint counsel **as moot**. *See In re Walls*, No. 22-2773, 2022 WL 16549081, at *1 (3d Cir. Oct. 31, 2022) (nonprecedential) (stating "because the matter has been adjudicated, an order directing the District Court to hold a hearing or appoint counsel would have no effect on the proceedings"); *see also Hersh v. Chester Cnty. Clerk of Cts.*, No. CV 21-2615, 2021 WL 5139971, at *4 (E.D. Pa. Nov. 3, 2021) (denying a motion to appoint counsel as moot after adjudicating an action).

*Gonzalez Melendez*, 2026 WL 2199339, at *1. Judge Munley determined that Gonzalez Melendez was not entitled to relief because the only relief he was entitled to due to his prolonged detention was a bond hearing and he did not allege the bond hearing he received was constitutionally deficient. *See Gonzalez Melendez*, 2026 WL 2199339, at *1-2. Gonzalez Melendez now alleges that his detention of over five months is unconstitutionally prolonged. (Doc. 1, at 7).

On August 11, 2026, Gonzalez Melendez filed the instant petition. (Doc. 1). On August 19, 2026, the government filed a response. (Doc. 9). Gonzalez Melendez did not file a timely traverse. Accordingly, this matter is ripe and ready for disposition.

## II. Legal Standard

28 U.S.C. § 2241 governs district courts' power to grant the writ of habeas corpus. Under 28 U.S.C. § 2241(b), the writ of habeas corpus extends to petitioners "in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States." Claims where non-citizens challenge immigration enforcement-related detention "fall within the 'core' of the writ of habeas corpus and thus must be brought in habeas." *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (quoting *Nance v. Ward*, 597 U.S. 159, 167 (2022)). "For 'core habeas petitions,' 'jurisdiction lies in only one district: the district of confinement.'" *J. G. G.*, 604 U.S. at 672. While reviewing a noncitizen's habeas petition, courts evaluate whether the government complied with regulatory, statutory, and constitutional protections for noncitizens. *See Martinez v. McAleenan*, 385 F. Supp. 3d 349 (S.D.N.Y. 2019) (finding ICE failed to comply with regulatory and constitutional notice requirements prior to detaining a non-citizen petitioner and granting the petitioner's habeas petition). A court may order a bond hearing or release if the Court

determines that a noncitizen habeas petitioner is entitled to such relief under relevant constitutional or statutory protections. *See A.L. v. Oddo*, 761 F. Supp. 3d 822, 827 (W.D. Pa. 2025) (finding that a noncitizen habeas petitioner was entitled to a bond hearing under the due process clause of the Fifth Amendment); *see Cantu-Cortes v. O'Neill*, No. 25-cv-6338, 2025 WL 3171639, at *2 (E.D. Pa. Nov. 13, 2025) (finding a habeas petitioner was entitled to a bond hearing under relevant statutory protections); *see also Kashranov v. Jamison*, No. 2:25-CV-05555-JDW, 2025 WL 3188399, at *8 (E.D. Pa. Nov. 14, 2025) (finding that the appropriate remedy when the government detains a petitioner under an inapplicable statute, violating due process, is release from custody).

## III. Discussion

Gonzalez Melendez's petition is vague but broadly alleges that the government violated his statutory and constitutional rights by subjecting him to mandatory detention for over five months. (Doc. 1, at 7-8). According to the government, the Court should dismiss this action because this is Gonzalez Melendez's third petition before the Middle District challenging his detention and all three of his form petitions contain the same vague allegations. (Doc. 9, at 7-8).

28 U.S.C. § 2254 and 28 U.S.C. § 2255 bar habeas petitioners from brining successive petitions challenging state and federal criminal convictions but such bars do not apply to immigration detention. *See Zayas v. I.N.S.*, 311 F.3d 247, 256 (3d Cir. 2002) (noting that § 2254 limits petitioners' ability to repeatedly challenge state convictions and § 2255 limits petitioners' ability to challenge federal convictions but the provisions limiting repeat petitions only apply to criminal detention). However, the Third Circuit has found that "the abuse of the writ doctrine as set forth by the Supreme Court in *McCleskey v. Zant*, 499 U.S. 467, 491–

92 (1991)" applies to immigration petitions. *Abdel-Whab v. Sec'y of Dep't of Homeland Sec.*, 132 F. App'x 988, 990 (3d Cir. 2005).

"The doctrine of abuse of the writ defines the circumstances in which federal courts decline to entertain a claim presented for the first time in a second or subsequent petition for a writ of habeas corpus." *McCleskey*, 499 U.S. at 470. A successive immigration habeas petition, "which raises grounds identical to those raised and rejected on the merits, need not be entertained." *Esogbue v. Holmes*, 142 F. App'x 98, 100 (3d Cir. 2005) (citing *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986)). When a petitioner fails to indicate any new claims or provide an explanation for failing to raise such issues in his first habeas petition, a successive § 2241 petition is properly dismissed as an abuse of the writ. *Abdel-Whab*, 132 Fed. App'x at 990 (citing *Zayas*, 311 F.3d at 258).

Looking to the record, the Court agrees with the government that Gonzalez Melendez's vague petition appears to resemble his previous petitions before Judge Munley, and appears to be nearly identical to the second petition dismissed by Judge Munley. *See Gonzalez Melendez*, 2026 WL 2199339, at *1. Further, the Court agrees with Judge Munley's conclusion that even absent the writ of abuse doctrine, Gonzalez Melendez's petition fails because the only relief the Court could afford is a bond hearing, which Gonzalez Melendez already received. *See Melendez*, 2026 WL 2199339, at *1.

Petitioners, like Gonzalez Melendez, detained after residing in the United States for an extended period and not subject to a final order of removal generally have two potential remedies. First, such a petitioner may challenge the government's efforts to subject them to mandatory detention because unless they are convicted of certain crimes, courts in this circuit have found that 8 U.S.C. § 1226(a) entitles them to a bond hearing. *See Cantu-Cortes v. O'Neill*,

No. 25-CV-6338, 2025 WL 3171639 at 1-2 (E.D. Pa. Nov. 13, 2025); *see also* *Kashranov*, 2025 WL 3188399 at 5; *see also* *Del Cid v. Bondi*, No. 3:25-CV-00304, 2025 WL 2985150 at 14-17 (W.D. Pa. Oct. 23, 2025); *see also* *Bethancourt Soto v. Soto*, No. 25-CV-16200, 2025 WL 2976572 at 4-7 (D.N.J. Oct. 22, 2025). As noted by Judge Munley, Gonzalez Melendez already received a bond hearing so he was never subject to mandatory detention in violation of that 8 U.S.C. § 1226(a). *See* *Gonzalez Melendez*, 2026 WL 1990444, at *1.

Second, petitioners subject to a nonfinal order of removal may also challenge the length of their detention based on the factors articulated by Third Circuit in *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203, 211 (3d Cir. 2020). *See* *Tchouala v. Lowe*, No. 3:26CV887, 2026 WL 1401765, at *3 (M.D. Pa. May 19, 2026) (applying the *German Santos* standard); *see also* *Rahmatov v. Lowe*, No. 3:26-CV-553, 2026 WL 837974, at *1 (M.D. Pa. Mar. 26, 2026) (same); *see also* *Perez-Espinosa v. Hoover*, No. 3:26-CV-01650, 2026 WL 1894517, at *3 (M.D. Pa. July 1, 2026) (same). The remedy under *German Santos* is not release; it is the court ordering an individualized bond hearing in which an immigration judge or the presiding judge determines whether release on bond is warranted based on a flight risk or danger to the community. *See* *Tchouala*, 2026 WL 1401765, at *3 (ordering a bond hearing); *see also* *Rahmatov*, 2026 WL 837974, at *1 (same); *see also* *Perez-Espinosa*, 2026 WL 1894517, at *3 (same).

As was the case with Gonzalez Melendez's second petition before Judge Munley, the Court cannot order relief under a pre-final order of removal prolonged detention/*German Santos* theory because he already received a bond hearing before an immigration judge which resulted in him being denied bond. *See* *Gonzalez Melendez*, 2026 WL 2199339, at *1-2 In addition to Judge Munley, other courts in this circuit have found that where a petitioner

entitled to receive a bond hearing, receives one, and is adjudicated to be a flight risk or danger, the Court cannot provide further relief absent a challenge to the constitutional adequacy of the bond hearing. *See Frantz C. v. Shanahan*, No. CV 18-2043, 2018 WL 3302998, at *2 (D.N.J. July 5, 2018) (stating "[a] petitioner who has already received a bond hearing may therefore only challenge the denial of release on bond by showing that the bond hearing he received was not bona fide–*i.e.*, that it was somehow improperly conducted in violation of Due Process or some other binding legal authority"); *see also Colon-Pena v. Rodriguez*, No. CV 17-10460, 2018 WL 1327110, at *2 (D.N.J. Mar. 15, 2018) (stating "[t]his Court is aware of no caselaw in this circuit which suggests that an alien who has already received a bond hearing under 8 U.S.C. § 1226(a) is entitled to release or a new bond hearing absent a showing that he was denied Due Process at his bond hearing or that his bond hearing was otherwise unlawfully conducted"). Gonzalez Melendez does not allege any constitutional deficiencies in his bond proceedings. (Doc. 1). As such, the Court **DENIES** Gonzalez Melendez's petition. (Doc. 1). Given Gonzalez Melendez's *pro se* status, however, the Court's denial is **without prejudice** to Gonzalez Melendez's ability to reopen this matter to challenge the constitutionality of his bond hearing.

## IV. CONCLUSION

For the foregoing reasons Gonzalez Melendez's motion to proceed *in forma pauperis* (Doc. 10) is granted and the petition for writ of habeas corpus (Doc. 1) is deemed filed and **DENIED without prejudice** to Gonzalez Melendez's ability to reopen this matter to challenge the constitutionality of the bond hearing he received. Gonzalez Melendez's motion to appoint counsel is **DENIED as moot**. (Doc. 3). The Clerk of Court is directed to close this matter.

An appropriate order follows.

**BY THE COURT:**

**Dated: August 28, 2026**

/s/ Karoline Mehalchick

**KAROLINE MEHALCHICK**
**United States District Judge**